IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDRE HINES | § § § | |
| **Plaintiff** | § § § § § § | |
| vs. | § § | CIVIL ACTION NO. |
| HARRIS COUNTY, TX., PRECINCT #3 And CONSTABLE SHERMAN EAGLETON | § § § § § | |
| **Defendants** | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

ANDRE HINES, (hereinafter "Plaintiff") files this Complaint against HARRIS COUNTY, TEXAS, PRECINCT #3 and CONSTABLE SHERMAN EAGLETON, (hereinafter "Defendants") and for cause of action would show the Court as follows:

1

## INTRODUCTION

1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury

2. Plaintiff files this Complaint and complains about racial discrimination and retaliatory discharge under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C§ 2000 (c), *et seq.*

3. This action seeks compensatory and punitive damages, plus lost wages (past, present, and future), attorney fees, taxable court costs, and pre- and post-judgment interest.

## PARTIES

4. Plaintiff ANDRE HINES is a resident of Harris County, Texas.

5. Defendant HARRIS COUNTY, TEXAS, PRECINCT #3 is a political subdivision of the State of Texas.

6. Defendant SHERMAN EAGLETON is the elected Constable of Precinct #3 in Harris County, Texas. Defendant EAGLETON is being sued in his official capacity.

## VENUE

7. Venue is appropriate in the United States District Court for the Southern District of Texas, Houston Division, in that the Defendants can be said to do business in this District and Plaintiff worked for Defendants in Harris County , as required under 28 U.S.C. § 2000 (e) *et seq.*

## JURISDICTION

8. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 (Federal question jurisdiction) under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 (e), *et seq.*

9. The unlawful employment practices were committed within the jurisdiction of this Court.

## PROCEDURAL REQUISITES

10. All conditions precedent to the filing of this action have been met by Plaintiff, in that he has filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC") and has received a right-to-sue letter from said agency to pursue his claims.

11. Plaintiff filed a Charge of Discrimination against Defendants with the EEOC on or about May 9, 2018.

12. On February 22, 2019, the EEOC issued to Plaintiff a Right to Sue letter, entitling him to file suit on his claims of discrimination.

13. The filing of this lawsuit has been accomplished within ninety (90) days of Plaintiff's receipt of notice from the EEOC.

## FACTS

On information and belief, Plaintiff alleges the following facts:

14. Plaintiff began working for Defendant Precinct #3 on September 5, 2017

15. Plaintiff is an African-American law enforcement professional, with more than 24 years of service.

16. Plaintiff, at all applicable times, performed his job duties as a Deputy Constable and Investigator in a competent and professional manner.

17. During his employment, Plaintiff was treated differently with regard to supervision, pay and performance appraisals than similarly situated white deputy constables.

18. On or about January, 2018, Plaintiff was transferred by Defendant Eagleton to the Internal Affairs Department as an Investigator, and directed to conduct an investigation into improprieties in Precinct #3's Evidence Room.

19. During his investigation, Plaintiff uncovered serious deficiencies in the handling and preservation of evidence. These serious deficiencies occurred during Defendant Eagleton's tenure as Constable.

20. Plaintiff reported his findings to his superior officers, and, thereafter, to Defendant Eagleton.

21. Shortly after Plaintiff reported his findings, Plaintiff was formally disciplined, placed on probation, and transferred from Internal Affairs by Defendant Eagleton.

22. Plaintiff filed an official complaint with the Public Corruption Division of the Harris County District Attorney's office. In his complaint, Plaintiff requested an official investigation into ongoing violations of Texas criminal law allegedly committed in Harris County, Texas.

23. After Plaintiff filed his complaint, Plaintiff discovered that his access to Precinct #3's computer files was denied, making it impossible for Plaintiff to perform his job duties.

24. Plaintiff was informed by his superior officer, Captain Antonio Ford that, during a staff meeting, Defendant Eagleton boasted that he intended to cause Plaintiff and his wife to lose their house.

25. In June, 2018, Plaintiff observed that his house was under active surveillance on a daily basis, by an unmarked vehicle belonging to Defendant Precinct #3.

26. Plaintiff was informed that Constable Eagleton ordered an investigation into Plaintiff's conduct.

27. Defendant Precinct # 3 referred the results of its investigation to the Harris County District Attorney's Office for prosecution, alleging criminal wrongdoing by Plaintiff.  The Harris County District Attorney's Office declined prosecution.

28. Plaintiff resigned his employment with Precinct #3 on July 18, 2019.

## COUNT  I
## EMPLOYMENT DISCRIMINATION BASED UPON RACE

29. Plaintiff  realleges Paragraphs 14-28 herein and incorporates them here.

30. Defendants, by and through its agents and employees intentionally engaged in the aforementioned practices, policies, customs and usages based upon race, made unlawful by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 (e), *et seq.*

31. Defendants, acting by and through its employees, maintained a policy of harassment and created a hostile working environment based upon race, made unlawful by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 (e), *et seq.*

32. If Plaintiff had not been African-American, he would not have been subjected to these unlawful acts.

## COUNT II
## CONSTRUCTIVE DISCHARGE BASED UPON RETALIATION

33. Plaintiff realleges Paragraphs 14-28 herein and incorporates them here.

34. Defendants, by and through its agents and employees intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e), *et seq.*

35. Defendants, acting by and through its employees, maintained a policy of harassment and created a hostile working environment, in retaliation of Plaintiff's protests, making it impossible for Plaintiff to perform his job duties. Defendants' unlawful conduct constitutes constructive discharge. This retaliatory conduct is made unlawful by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e), *et seq.*

36. If Plaintiff had not protested Defendants' discriminatory conduct, he would not have been terminated.

## DAMAGES

37. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered a loss of wages, in the past, present and future, as well as compensatory damages, including, but not limited to, unreimbursed medical bills and emotional distress.

## EXEMPLARY DAMAGES

38. Defendants' actions were intentional, willful, harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered severe financial damages. The wrongs done by the Defendants were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendants from such conduct in similar situations.

## ATTORNEY'S FEES

39. Defendants' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff to retain the services of JOHN C.LIPPS, ATTORNEY-AT-LAW, PLLC, in order to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## JURY DEMAND

40. Plaintiff hereby makes his request for a jury trial.

## PRAYER

41. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer, and that on final hearing of this cause, Plaintiff is granted the following relief:

a. Back Pay;

b. Pre-Judgment Interest on Back Pay;

c. Front Pay;

d. Compensatory Damages, including, but not limited to, damages for diminished salary expectations, unreimbursed medical expenses and emotional distress;

e. Punitive Damages;

f. Injunctive and Affirmative Relief;

g. Attorney's Fees and Costs;

h. Such other and further relief, at law or in equity, general or special to which Plaintiff may show he is justly entitled.

Respectfully submitted,

*/s/John C. Lipps*
John C. Lipps
TX Bar #00793134
Federal Bar # 246689
John C. Lipps, Attorney-At-Law PLLC
7214 Winding Walk Drive
Houston, TX 77095
Email: lippsclan@gmail.com
Tel: 832-283-3555

**Attorney for Plaintiff**